# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 18, 2014
NOT TO BE PUBLISHED

Supreme Court of Kentucky

FINAL

2014-SC-000031-WC

DATE 1-8-15 EnAGroun P.C.

DONALD EALY                                                                APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                         CASE NO. 2013-CA-000527-WC
WORKERS' COMPENSATION NO. 12-00487


RC TRUCKING, INC.;
HONORABLE J. LANDON OVERFIELD,
CHIEF ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                    APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Appellant, Donald Ealy, appeals from a Court of Appeals decision which affirmed the dismissal of his coal workers' pneumoconiosis ("CWP") claim against Appellee, RC Trucking. The Chief Administrative Law Judge ("CALJ") originally dismissed Ealy's claim because he found it was barred by the statute of limitations as set forth in KRS 342.316(4)(a). Ealy wants his claim placed in abeyance because he believes the General Assembly will revise KRS 342.316 in light of *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455 (Ky. 2011), which held that the consensus process applicable to CWP claims was unconstitutional. For the below stated reasons, we affirm the Court of Appeals.

On April 19, 2012, Ealy filed a Form 102-CWP alleging that on March 11, 2005, his last day of employment with RC Trucking, he became affected by CWP. In response, RC Trucking argued that his claim was barred by the three-year statute of limitations and the five-year statute of repose contained in KRS 342.316(4)(a) because he filed it seven years after his last contact with the occupational hazard. Ealy countered, arguing that a statute of limitations cannot exist for an unconstitutional statute. He noted that *Vision Mining* held the required consensus procedure and standard of proof for CWP claims, outlined in KRS 342.316(3) and (13), were unconstitutional. The CALJ found in favor of RC Trucking and dismissed Ealy's claim as untimely because *Vision Mining* did not address the statute of limitations in KRS 342.316(4)(a). The Workers' Compensation Board and Court of Appeals affirmed, and this appeal followed.

It appears that Ealy has abandoned his argument that there cannot be a statute of limitations for a statute which has been held to be unconstitutional. Instead he pleads for his claim to be placed in abeyance until the General Assembly takes action to address the statutes that *Vision Mining* held to be unconstitutional. In reviewing Ealy's arguments the Court of Appeals only needed to correct the Board "if it overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as of to cause gross injustice. The function of review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of

2

constitutional magnitude." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-688 (Ky. 1992). Keeping these standards in mind, we affirm the Court of Appeals.

As an initial matter, we note that *Vision Mining* did not find KRS 342.316(4)(a) unconstitutional. Thus, the statute of limitations for a CWP claim is in full effect and per KRS 342.316(4)(a) Ealy's claim was untimely because he filed his claim seven years after his last contact with CWP causing materials. The ALJ did not err by dismissing Ealy's claim for being barred by the statute of limitations. Additionally, we decline to place Ealy's claim in abeyance until the General Assembly revises the procedure for CWP claimants due to *Vision Mining.* Ealy's argument that the General Assembly will amend the law so that he may file his claim late is pure speculation.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT,
DONALD EALY:

McKinnley Morgan


COUNSEL FOR APPELLEE,
RC TRUCKING, INC.:

Paul E. Jones
Sara V. A. May

3